### WILLIAM SAWYER *vs.* HANNAH KENDALL.

A wife has no such privity of estate with her husband, in land of which he died in an adverse possession to the real owner, that her continued adverse possession after his decease, can be tacked to his, to give her a complete title by disseisin.

If the particular description of land in a deed by metes and bounds be uncertain and impossible, a general description in the same conveyance will govern.

WRIT OF ENTRY to recover a tract of land in Waltham.

The demandant claimed title through Nancy Brown, one of the heirs at law of Samuel Stearns, by deed dated March 27th, 1848. At the trial in this court before *Bigelow,* J. it appeared that said Samuel Stearns, owning a farm in Waltham, including the premises in dispute, died in 1817; that in 1820, partition of his real estate among his heirs at law, was duly made by commissioners appointed by the supreme court, and that the premises now demanded were set to Nancy Brown, the grantor of the demandant, and some of the adjacent land was set to the tenant, another heir at law. It also appeared that at the time of said partition, the premises in controversy; and the parcel of land set to the tenant, were in common, and enclosed by one fence and enclosure, and have ever since so remained, until since the date of the conveyance to the demandant. At the date of said partition, the tenant was a married woman, and so remained until 1832, when her husband died intestate. Since his death she has remained a widow. The land set to the tenant as above stated, and also the demanded premises,

were mostly used as pasture land, and were approached in two ways, both of which led across the latter. The tenant proved that during the life of her husband the premises in dispute, and the parcel set to her, had been used by him, and since his death by her, by turning cattle into the parcel set to the tenant; and that they thence went into and depastured the tract in controversy. It also appeared that the tenant had gathered apples from the trees on the latter place, and driven cattle over and across the same. This use, as aforesaid, was exercised by the husband of the tenant from 1820 till 1832, and from that time till the date of the writ, by the tenant herself; more than thirty years in the whole.

The deed from Nancy Brown to the demandant first gave a description by metes and bounds, and then added, " all these measurements being according to a plan made by A. Moore, dated March, 1848, to which reference is made ; meaning and intending to convey all that lot or lots of land set off to me as my part of the estate of Samuel Stearns, deceased, that bound upon Thomas Wright, Hannah Kendall, and land now held by N. Plympton, and by the same bounds as stated by the commissioners who discharged that duty in their report to the supreme judicial court, except in so much as embraces the line or lines near the dower set off to Mary Stearns, my mother. These last lines or line to be agreeably to the plan of A. Moore, and not as stated by the commissioners."

And it appeared that the boundary lines and plan mentioned and described in said deed did not include the demanded premises, but that the partition before referred to, and mentioned in said deed, did. The tenant thereupon asked the judge to rule that the demanded premises were not therein so described as to convey them to the demandant. But the judge ruled that the deed from Nancy Brown to the demandant conveyed all the premises set off to her by the partition aforesaid, as one of the heirs of Samuel Stearns, and that it being admitted by said partition that the demanded premises were set off to said Nancy Brown, the deed from her to the demandant conveyed the land in question.

The tenant then contended that she had acquired a good

title to the demanded premises as against said Nancy Brown and her grantees, by an adverse use, by her husband during his lifetime, and by herself since his decease, and on this question wished to submit the case to the jury; but it appearing that the use, if otherwise sufficient, had not continued in the tenant for twenty years, and that she could claim title thereby, only by tacking her husband's possession during his lifetime to her own since his decease, in order to make twenty years, the judge was of the opinion that the tenant could not maintain her defence on this ground.

A verdict was therefore taken for the demandant, which is to be set aside, if the foregoing rulings, or either of them, are erroneous.

*J. P. Converse,* (*A. H. Nelson* with him,) for the tenant.

1. The demandant cannot rely upon the weakness of the tenant's title, but must rely upon the strength of his own, and inasmuch as the tenant is in possession, she is not to be ousted, unless the demandant shows a clear title in himself.

2. The *particular description* in the deed from Nancy Brown to the demandant, is not to be controlled by the *general reference* to the return of partition made by the commissioners. *Dana* v. *Middlesex Bank,* 10 Met. 250; *Melvin* v. *Proprietors of Locks & Canals,* 5 Met. 15; *Howell* v. *Saule,* 5 Mason, 410; *Benedict* v. *Gaylord,* 11 Conn. 332.

3. The possession of the premises by the husband of the tenant, from 1820 till his decease, and by her since, is sufficient to vest the title in the tenant, if the manner of use was one in which a title could, under any circumstances, be acquired; and the possession by the tenant may be tacked to that of her husband, so as to make out twenty years' possession. Pothier on Prescription, (Nouvelle ed.) pt. 1, c. 1, art. 2, § 19, pp. 101–2; *King* v. *Smith,* 1 Rice, 10; *Jackson* v. *Ellis,* 13 Johns. 118; *Melvin* v. *Proprietors of Locks & Canals,* 5 Met. 15.

4. The manner of using the premises by the tenant and her husband, was sufficient, if the other requisite for gaining a prescriptive title were complied with. *Ellicott* v. *Pearl,* 10 Pet. 412, 442; *Ewing* v *Burnett,* 11 Pet. 41.

*J. Q. A. Griffin,* ( *G. F. Farley* with him,) for the demandant.

BIGELOW, J. The only title to the demanded premises, set up by the tenant, is one alleged to have been acquired by disseisin. To maintain this, it was proved that the husband of the tenant occupied an estate adjoining the premises in dispute, in the right of his wife for about twelve years, and in connection with this occupation of his wife's land, that he also occupied during the same period, the parcel of land now claimed by the demandant. It also appeared, that the husband died intestate, and that upon his death, his wife continued the occupation of her own land, and of the premises in dispute, in like manner, until the present suit was brought, being a period of about eighteen years. Upon these facts the tenant claimed the right to annex her own possession to that of her husband, and thus establish an adverse use of the demanded premises for twenty years and upwards. The main question in the case is, whether this right can be maintained.

The general rules of law respecting successive disseisins, are well settled. To make a disseisin effectual to give title under it to a second disseisor, it must appear that the latter holds the estate under the first disseisor, so that the disseisin of one may be connected with that of the other. Separate successive disseisins do not aid one another, where several persons successively enter on land as disseisors, without any conveyance from one to another, or any privity of estate between them, other than that derived from the mere possession of the estate; their several consecutive possessions cannot be tacked, so as to make a continuity of disseisin, of sufficient length of time to bar the true owners of their right of entry. To sustain separate successive disseisins as constituting a continuous possession, and conferring a title upon the last disseisor, there must have been a privity of estate between the several successive disseisors. To create such privity, there must have existed, as between the different disseisors, in regard to the estate of which a title by disseisin is claimed, some such relation as that of ancestor and heir, grantor and grantee, or devisor and devisee. In such cases, the title acquired by disseisin passes by descent, deed, or devise. But if there is

no such privity, upon the determination of the possession of each disseisor, the seisin of the true owner revives and is revested, and a new distinct disseisin is made by each successive disseisor. *Potts* v. *Gilbert,* 3 Wash. C. C. 479; *Ward* v. *Bartholomew,* 6 Pick. 409; *Allen* v. *Holton,* 20 Pick. 458, 465; *Melvin* v. *Proprietors of Locks and Canals,* 5 Met. 15, 32; *Wade* v. *Lindsey,* 6 Met. 407.

Applying these familiar principles to the case at bar, it will be found that the tenant shows no continuous disseisin of the demanded premises, of sufficient length of time to bar the true owner, because she cannot connect her own disseisin with that of her husband's. As to the parcel of land in dispute, there was no privity between herself and her husband. He occupied it during his life, not by right of his wife, but by virtue of his own act of disseisin. His wife could commit no act of disseisin, till her coverture ceased by his death. She shows no deed or devise of the land to herself by her husband. Upon his death, therefore, the seisin was in his heir at law, or the seisin of the true owner revived, and the subsequent disseisin by her was her own separate act, unconnected with the previous disseisin of her husband. The tenant therefore fails to establish any title in herself to the demanded premises.

It was urged by the counsel for the tenant, that the right of the wife to dower, in land of which her husband died seised, would create sufficient privity of estate between them in regard to the land in question, to enable her to connect his possession of it with her own. But the answer to this suggestion is obvious. The right of dower confers no title to any part of the husband's land after his death, until assignment of dower is made. Until then, the wife has no seisin, or right of entry, in any part of her husband's land, and the heir can well maintain his writ of entry against her, to which her claim of dower would constitute no defence. Park on Dower, 334; *Hildreth* v. *Thompson,* 16 Mass. 191. It is a mere right, which does not ripen into a title, until some specific portion is set out and assigned as dower. If, therefore, such assignment would create a privity of estate with the husband, in the land so assigned, it is very clear that none such exists before assign-

21*

ment made. In the present case, it is not pretended that the demanded premises have ever been assigned as dower to the tenant.

The remaining objection to the demandant's right to recover is, that he shows no title to the land claimed, because the description in the deed from Nancy Brown to the demandant, by metes and bounds, does not include the demanded premises, and that the particular description is not to be controlled by the reference in the deed to the partition of the estate by the commissioners, and the bounds therein given, which do comprehend the premises in dispute. The principle on which this objection rests, is well founded, and were it applicable, would be decisive of this case. But upon comparing the metes and bounds given by the deed, with the plan referred to, upon which they are laid down, and which is also made a part of the particular description, it will be found that they do not correspond, and that it is impossible to trace out and mark the granted premises with intelligible certainty, by following the description contained in the deed. By reason of some unexplained error, the metes and bounds in that part of the description which applies to the demanded premises, are wholly uncertain, and it is impossible to ascertain by them the precise land granted by the deed. It is not a case, therefore, of two inconsistent descriptions, in which the general must yield to the particular, but of an uncertain and impossible description, which must be controlled by an intelligible, though general description, given by a reference to the grantor's title by partition. *Melvin* v *Proprietors of Locks and Canals,* 5 Met. 15, 28, *Judgment on the verdict for the demandant.*