# Richmond.

## Fox by, &c. v. Cottage Building Fund Association.

### December 17th, 1885.

1. Judgments and Decrees—*Conclusiveness.*—Decree of court of competent jurisdiction in a suit between proper parties, is valid and conclusive until reversed in some proper proceeding in same suit and same court, or on appeal in appellate court; unless on ground of fraud or surprise, injured party is entitled to relief in another suit.
2. Deeds— *Construction—Building associations— Case at bar.*— Borrower gave trust deed to secure loan. In event of default, deed prescribed sale for cash enough to pay expenses and amount due; and as to residue, on such credit as trustee deemed proper. Sale was made May 1st, 1883, for cash enough to pay expenses and $685.35, and $1,951.77. First sum was actually due. Last was the estimated amount for monthly dues and interest *to accrue and become due* between that day and the conjectural end, and the winding up of the association—

Held :

> Sale should be for cash to pay expenses and $685.33 ; and as to residue, on such credit as would make the payments meet and discharge the monthly dues and interest as they accrue and became due between May 1st, 1883, and the winding up of the association, whenever that might occur.

Appeal from decree of corporation court of Danville, rendered July 11th, 1883, in the chancery cause therein pending, wherein Henry S. Fox, an infant, by his next friend, was complainant, and P. L. Rendleman, the Cottage Building Fund Association, John T. Watson, F. F. Bowen, George W. Morgan

and L. C. Berkeley, junior, trustees of said association, and Maurice J. Fox, trustee and guardian of said Henry S. Fox, were defendants.

The decree of the court below was favorable to the defendants, and the complainant obtained an appeal to this court.

Opinion states the case.

*E. E. Bouldin*, for the appellant.

*Withers & Barksdale* and *A. M. Aiken*, for the appellees.

Richardson, J., delivered the opinion of the court.

This is an appeal from a decree of the corporation court of Danville, rendered on the 11th of July, 1883, in the chancery suit wherein Henry S. Fox, an infant, by his next friend, J. Kaufman, was complainant, and the Cottage Building Fund Association, John T. Watson, and others, trustees, and P. L. Rendleman and Maurice J. Fox, trustee and guardian of the infant complainant, were defendants.

Maurice J. Fox, as guardian for his ward, Henry S. Fox, held for the benefit of the latter the sum of $450, and invested it in a tract of land in Henry county, which was conveyed to the said Maurice J. Fox, as trustee for said Henry S. Fox, by a deed executed April 25, 1871, by George C. Cabell, commissioner, in trust to hold the same for the use of the said infant until his arrival at the age of twenty-one years, and during his non-age, to apply the rents and profits to his maintenance and education, but with power in the said trustee to sell the same and to re-invest the proceeds in other property, to be held on the same trusts. Afterwards, the said trustee sold the land in Henry county, and, on the 28th of August, 1877, secured the proceeds ($450) on a lot of land situated in

Danville, which lot was already bound by trust deeds for the payment of considerable sums of money, and was sold on the 11th of June, 1879, under the said trust deeds, to John F. Rison, for the sum of $3,350, all of which was paid in cash, except the sum of $500, which the purchaser retained to satisfy the sum of money which had been secured on the said lot for the use of said infant. Then, the said Maurice J. Fox having contracted with one Swain for a lot of land also situate in Danville, at the price of $500, as a re-investment of his ward's money, he, as such guardian and trustee, and said infant, by the said Maurice J. Fox, as his next friend, brought their bill in chancery in the said corporation court, against the said John F. Rison as defendant, praying that the latter be decreed to pay the said sum of $500 on the purchase of the lot last mentioned, and that the said Maurice J. Fox be empowered to raise money on the lot in order to build on and improve the same.

A decree was pronounced in the suit on the 11th of July, 1879, according to the prayer of the bill. Thereupon the said Swain and wife conveyed the lot to Maurice J. Fox, as trustee, to hold the same in trust for the use of the ward, upon the terms and with the powers prescribed by the said decree.

Later, in order to raise money to build on and improve said Swain lot, the said Maurice J. Fox bought shares of the stock of the said Cottage Building Fund Association, which was a joint stock company duly chartered under the laws of this State, and redeemed the said shares by borrowing from the association first, $750, then $666, and afterwards, $600, and executed therefor his bonds and deed of trust to the said John T. Watson and his associate trustees, on the Swain lot, to secure the fulfillment of the stipulations of the said bonds, to-wit: to pay to the said association, during its regular continuance, the interest upon the said loans from the time they

were severally made, and also the monthly dues as provided for by the constitution and by-laws of the association, from time to time, and all assessments, taxes and insurance charges that might be due by him, and, also, in case the association should be dissolved before its regular termination under its charter, &c., and in case of a sale of the property conveyed in trust to secure said bonds, to pay the sums that the board of directors, in pursuance of article fifteen of the constitution of the association might determine to be proper for him to pay (according to the rate at which shares might be redeeming at the time of such sale or dissolution), in discharge of the penalty of said bonds and in lieu of the said sums of $750, $666, and $600, respectively. And in case of default of said Maurice J. Fox to comply with the stipulations aforesaid, the said trustees, John T. Watson and his associates, were required to advertise and sell the said Swain lot at public auction on the following terms: "For enough cash to pay the costs and expenses of executing the trust, and to pay the said association such sums as may be *due* it upon the conditions of the said bonds, and as to the residue, on such credit as said trustees shall deem proper, the credit installments, if any, to be secured on the said property, or as the trustees shall agree."

Maurice J. Fox failed to comply with said stipulations and to pay the interest on said loans and the monthly dues to said association; and thereupon the trustees, Watson and his associates, advertised and, on the 12th of April, 1883, sold the said Swain lot at public auction for cash enough to pay, not only the sum of $685.35, which was the amount *due* from the said Maurice J. Fox to the association for monthly dues, fines and interest *due* and unpaid up to May 1st, 1883, but also to pay the additional sum of $1,951.77, the amount of monthly dues and interest which it was estimated *would become due* from him to the association from the date last mentioned until the

end and winding up of the association, making the entire amount of cash required of the purchaser at the advertised sale of the said trust property, $2,637.12.   At the sale the said lot was purchased by said P. L. Rendleman at the price of $2,055.00, which sum was paid cash in hand by him to the said trustees, Watson and his associates, who conveyed the property to the purchaser.

Soon after the sale to Rendleman, in May, 1883, the said infant, Henry S. Fox, by his next friend, J. Kaufman, brought this suit in said corporation court for the purpose, in effect, of assailing the said decree which was rendered on the 11th day of July, 1879, in the said suit of Maurice J. Fox, as trustee and guardian, and Henry S. Fox, infant, by his next friend, Maurice J. Fox, complainants, against John F. Rison, on the ground of alleged irregularities in the proceedings in that suit, and want of authority in the said court to empower the said Maurice J. Fox to convey in trust the said property of the infant complainant, and for the purpose, also, of assailing the said sale and conveyance of said property to said Rendleman, on the alleged ground that the said deeds of trust under which the sale was made were illegal and void; and on the additional ground that the sale was not made on the terms prescribed in said deeds of trust, having been made (as alleged in the bill and not denied in the answers) for cash not only as to the amount actually *due* to the association—to-wit: $685.35, but also as to the amount afterwards to *become* due and payable to the same—to-wit: $1,951.71.   The bill also contained allegations to the effect that $600.00 of the money loaned by the association to Maurice J. Fox had never been used to improve said Swain lot, but had been used for the individual benefit of said Maurice J. Fox, and that he and said association had combined to defraud the infant complainant out of the said property.

The defendants, the said Rendleman and the said association,

demurred to the bill. They also plead that the complainant's trustee and guardian, Maurice J. Fox, had, by virtue of the said decree of the 11th of July, 1879, received from said Swain a conveyance of the said lot, and had, under the same, afterwards executed the deeds of trust under which the sale of the said lot was made to Rendleman, and the decree was that of a court of competent jurisdiction and between the proper parties, and, never having been reversed, remained still in full force and effect, and was conclusive of the matters and things in the bill alleged and could not be collaterally assailed. To this plea the plaintiff demurred, and the defendants joined in the demurrer. The defendants also filed their separate answers, wherein they deny that there was any combination between said association and said Maurice J. Fox to defraud the infant complainant out of his property, and that any part of the money loaned by the association to him was, with its knowledge, used by him for his own private purposes. But the defendants do not deny the allegations in the bill that the sum of $685.35 was the whole amount which was actually due to the association from Maurice J. Fox, on the day of the sale of the trust subject to Rendleman, for monthly dues, fines and interest on said loans, or that the sum of $1,951.77 was an amount which was not then actually due, but which, it was estimated, would become due to it as aforesaid at the conjectured end and winding up of the association. No account nor depositions were taken, and neither the charter, constitution nor the by-laws of the association were before the court. The cause came on to be finally heard on the 11th day of July, 1883, and the court decreed that the complainant's bill be dismissed, and that J. Kaufman, the next friend of the infant complainant, pay to the complainants their costs about their defence expended. And from that decree the case is here on appeal.

We are of opinion that whatever errors and irregularities there

may have been in the proceedings and in the decree of the 11th day of July, 1879, in the said suit of Maurice J. Fox, as trustee and guardian, and Henry S. Fox, by the said Maurice J. Fox, as his next friend, against John F. Rison, objections thereto on those accounts could only be made in that suit or on appeal from the said decree, and that such objection could not be made in an independent suit. A decree of a court of competent jurisdiction, in a suit between proper parties, is valid and conclusive until reversed on some proper proceedings in the same suit and in the same court, or on appeal, unless there be some sufficient ground of fraud or surprise to entitle the injured party to relief in some other suit. *Wilson* v. *Smith*, 22 Gratt. 493.

In the case in hand, the corporation court had jurisdiction both of the subject matter and of the parties to the suit. That court decreed that the money of the ward, the appellant here, in the hands of the said John F. Rison be applied to the purchase of the Swain lot, and that the guardian, Maurice J. Fox, be empowered to raise money on said lot for the purpose of building on and improving the same.

It is not pretended that the decree was procured through any fraud or surprise practiced on the appellant. The decree has never been reversed, and remained in full force and effect, when in obedience to its provisions, the said Maurice J. Fox obtained the said loans from the said association for the purpose contemplated by the decree, gave his said bonds therefor, and executed the said deeds of trust on said lot to secure compliance with the stipulations in the said bonds contained. These trust deeds are, therefore, lawful and valid, and any sale of the trust subject made under them and in accordance with their terms, is also lawful and valid, and is of course binding on the appellant.

The only question, then, remaining to be disposed of is,

whether or not the sale which was made of the said Swain lot on the 12th day of April, 1883, by John T. Watson and his associate trustees, to the said P. L. Rendleman, was made in accordance with the terms of the said trust deeds. Those deeds prescribed that the trust property should, in case of default in the fulfillment of the stipulations of the said bonds, be advertised and sold for enough cash to pay the expenses of executing the trust and to pay to the association such sum as may *be due* to it under the conditions of the said bonds, and as to the residue, on such credit as the trustees shall deem proper, the credit installments, if any, to be secured on said property or as the trustees shall agree. It might be that the amount actually due at the time of the sale would equal or exceed the market value of the property, and the cash payment would absorb the whole value, and there would then be no residue. Hence, the use of the words "if any" after the word "residue." But at the date of the sale, or up to the 1st of May, 1883, a little over two weeks after the sale, there was actually *due* to the association from said Maurice J. Fox only the sum of $685.35. The sum of $1,951.77 was not then due, but was the estimated amount for monthly dues and interest on said loans to accrue and *become* due between the 1st day of May, 1883, and the conjectured end and winding up of the association. Yet the said sale was advertised and made for cash enough to discharge both of these amounts, which aggregate the sum of $2,637.12, or $582.12 more than the property sold for. So it is alleged in the bill, and the allegation is not denied in the answers. No accounts nor depositions were taken in the cause. Neither the charter, the constitution nor the by-laws of the association are found in the record. We must depend, therefore, solely on the undenied allegation for the facts on this point.

Assuming, then, necessarily, that such are the facts, it seems

plain that the sale was not made according to the terms of the trust deeds, which constitute the contract between the parties, and that it was illegal and invalid. The sale should have been for cash sufficient to pay the expenses of the sale and the said sum of $685.35, actually due, and as to the residue, on such terms of credit as would meet and discharge the said monthly dues and the interest on the said loans as the same might accrue from time to time between the said 1st day of May, 1883, and the winding up of the association, whenever that might be. The gross amount of the latter dues and interest we know from the admission of the parties. As to the conjectured after-accruing dues, we have no means of knowledge. It is, therefore, essential that an account be taken in the cause, under the supervision of the court below, so as to put the court in possession of the requisite facts on that point, or in some other way to fix the periods of the credit payments, according to the stipulations in the bonds, as to the residue beyond the cash payments.

In *White* v. *Mechanics Building Fund Association*, 22 Gratt. 234, a case somewhat similar to this, it was held by this court that a sale of trust property, made under a deed of trust given to the association to secure compliance with the stipulations of the bonds of a borrower, which he had executed upon borrowing money from it, for the payment of monthly dues and the interest on the loan, was premature and erroneous, the sale having been made before an account of the indebtedness had been ordered and taken by a commissioner of the court, and that the sale under said deed of trust should be enjoined until such account was taken.

The decree here complained of—that dismissing the bill of the complainants in the court below—must therefore be reversed and the sale of the said Swain lot and the conveyance thereof to said P. L. Rendleman must be set aside and annulled, and the

said Cottage Building Fund Association, or the said John T. Watson and his associate trustees, must be required to refund to said P. L. Rendleman the said money which he paid as the purchase price of said lot at the sale thereof, and the cause remanded to the said corporation court for further proceedings therein, according to the views set forth in this opinion.

DECREE REVERSED.