JENNINGS *v.* WHITE.

JENNINGS v. WHITE.

(Filed September 12, 1905).

*Deeds—Descriptions—Adverse Possession—Privity of Estate—Instructions.*

1. Where the call in a deed is for a certain distance to a known and fixed line of another tract, the distance will be disregarded and the line control, but the court should instruct the jury, as a question of law, what the boundaries are, leaving to them the question where they are.

2. In an action of ejectment, an instruction that if the jury should find that plaintiff and those under whom he claimed had been in the exclusive, open, continuous and adverse possession of the land in controversy from 1880 to the bringing of the action, they should answer the issue for the plaintiff, is erroneous, where the plaintiff failed to show any privity in respect to the *locus in quo* between himself and those whose possession preceded his.

3. Possessions cannot be tacked to make out title by prescription when the deed under which the last occupant claims title does not include the land in dispute.

ACTION of ejectment by W. M. Jennings and wife against W. H. White, heard by *Judge E. B. Jones* and a jury, at the November Term, 1904, of the Superior Court of PASQUOTANK County.

From a judgment for the plaintiffs, the defendant appealed.

*Aydlelt & Ehringhaus* for the plaintiffs.
*W. M. Bond* and *C. E. Thompson* for the defendant.

CONNOR, J.  Plaintiff alleged that he was the owner and in possession of a lot in Elizabeth City, on Road street, beginning at the northeast corner of Scott's lot and running at

a right angle with Road street, along the fence of said Scott 410 feet to Commander's line, thence northwardly parallel with Road street about 56 feet to W. K. Carter's line, thence eastwardly with Carter's line parallel with the first line to Road street, thence with said street about 56 feet to the beginning. The defendant admitted that he was in possession of a part of said lot, denying plaintiff's alleged title thereto, and alleged that he was the owner thereof. Plaintiff introduced several deeds executed prior to October, 1876, which defendant conceded covered the lot described in the complaint. Plaintiff introduced a deed from G. F. Steel to Sarah Gaskins, bearing date October 16, 1876, conveying a lot "beginning on Road street at the northeast corner of Charles' lot, running thence with said street 56 feet to the colored Odd Fellow's lot at a large elm tree, thence north 82½ degrees, west 410 feet to Thomas Commander's line, thence south 4 degrees west 18 feet to W. F. Martin's line, thence south 82½ degrees east along Martin's and Mrs. Dashiell's line 115 feet, thence south 11 degrees east 38½ feet to said Dashiell's line, thence along her line and Charles' line south 82½ degrees east 295 feet to the beginning. A deed from Sarah Gaskins to G. W. Cobb, dated September 1, 1887, conveying, by the same description, the lot conveyed to her. Cobb conveyed by the same description to plaintiff July 8, 1889. It is contended by defendant that, for some reason, Steel, who it is conceded was the owner of the parallelogram described in the complaint, in conveying to Sarah Gaskins retained the southwestern corner of the lot. The plaintiff says that while it is true that the third call is "south 4 degrees west 18 feet" it is also to "Col. W. F. Martin's line," and that the last part of the call will control, by invoking the well settled principle that where the call is for a certain distance to a natural object or a known and fixed line of another tract, the distance will be disregarded and the natural object or line control. This principle is conceded.

The court was not requested to instruct the jury upon this view. His Honor simply told the jury to inquire whether the deed under which plaintiff claimed covered the land in dispute. The court should instruct the jury, as a question of law, what the boundaries are, leaving to them the question, where they are; under the description contained in the plaintiff's deed and those of Gaskins and Cobb, the third call could not exceed 18 feet unless the jury fixed "Col. W. F. Martin's line" at some other point, in which event they would extend the call to such line. His Honor inadvertently omitted to give the jury any guide by which they could be governed in answering the question submitted to them. No special instructions were asked and it may be that defendant is not in a position to avail himself of the failure to so instruct the jury. If the grantor in the deed to Sarah Gaskins intended to make the third line 56 feet instead of 18, he has made a break in the side line running into another lot 38 feet, which would prevent him from reaching the beginning point by the calls in the deed at the end of the line of 295 feet. It would seem difficult to reconcile the calls in the deed from Steel to Gaskins and those leading up to and including plaintiff's deed, so as to include all of the original lot, being a parallelogram, with two sides of 410 feet and two ends of 56 feet each. The plaintiff, however, contends that if it be conceded that the deeds under which he claims do not cover the *locus in quo,* that he and those under whom he claims have been in possession of the disputed portion for more than twenty years and have thereby acquired title. There is evidence tending to show that the original lot was enclosed by a fence and that it continued so until changed by defendant, who purchased the adjoining lot during the year 1903, and that the successive owners of the original lot occupied the *locus in quo.* His Honor instructed the jury that if they should find that plaintiff and those under whom he claimed had been in the exclusive, open, continuous and adverse possession of the

land in controversy up to the said fence and that the posses-
sion had been continuous from 1880 to the bringing of the
action, they should answer the issue for the plaintiff. De-
fendant excepted.

The difficulty which the plaintiff encounters in sustaining
this instruction is found in his failure to show any privity
in respect to the *locus in quo* between himself and those whose
possession preceded his. If the deed under which plaintiff
claims had covered the disputed land, although his grantor
may have had no title he could have tacked his possession
with that of his grantor and built up title based upon a dis-
seisin by his grantor. It cannot be that several disseisins hav-
ing no privity can be tacked so as to vest title. The law in
this respect is thus stated in 1 Cyc., 1007 : "The general rule
is that possessions cannot be tacked to make out title by
prescription when the deed under which the last occupant
claims title does not include the land in dispute. It must
clearly appear in the deed that the particular premises were
embraced in the deed or transfer in whatever form it may
have been made." Of course if it be shown that there was
a mistake in the deed, a different principle applies.

"To make a disseisin effectual to give title under it to a
second disseisor, it must appear that the latter holds the es-
tate under the first disseisor, so that the disseisin of one may
be connected with that of the other. Separate successive dis-
seisins do not aid one another, where several persons suc-
cessively enter on land as disseisors, without any conveyance
from one to another, or any privity of estate between them,
other than that derived from the mere possession of the estate,
their several consecutive possessions cannot be tacked so as
to make a continuity of disseisin, of sufficient length of time
to bar the true owners of their right of entry. To sustain
separate successive disseisins as constituting a continuous
possession, and conferring a title upon the last disseisor,
there must have been a privity of estate between the several

successive disseisors.  To create such privity there must have
existed as between the different disseisors, in regard to the
estate of which a title by disseisin is claimed, some such rela-
tion as that of ancestor and heir, grantor and grantee, or
devisor and devisee.  In such cases the title acquired by dis-
seisin passes by descent, deed or devise.  But if there is no
such privity, upon the determination of the possession of
each disseisor the seisin of the true owner revives and is re-
vested, and a new distinct disseisin is made by each successive
disseisor." *Sawyer v. Kendall,* 64 Mass., 241; *Hollings-
worth v. Shearman,* 81 Va., 681; *Sherin v. Brackett,* 3
Minn., 152; *Ward v. Bartholomew,* 23 Mass. (6 Pick.), 409;
*Humes v. Bernstein,* 72 Ala., 546; *Atwell v. Shook,* 133 N.
C., 387.  It does not very clearly appear in what manner
Steel delivered the possession to Sarah Gaskins in 1876.  If
he put her in possession of the entire lot including the por-
tion not included in the deed, she in respect to such portion,
became his tenant at will.  She certainly acquired no title
to the portion not included in the deed—nor was there in
that view of the case any disseisin.  There is evidence on the
part of the witness, Raper, that Mrs. Gaskins was in posses-
sion in 1880.  If such possession was permissive the statute
did not run.  If it was adverse to Steel in whom the title
remained, as we have seen it did not enure to the benefit of
her grantee or the subsequent grantee, because it was not
covered by any of the deeds made subsequent to the one from
Steel to Gaskins.  This court held in *Blackstock v. Cole,*
51 N. C., 560, that the mere fact that one who had purchased
a tract of land went into possession of another adjoining tract
not covered by the deed is no evidence that he claimed such
tract under the person from whom he purchased.  In *Bryan
v. Spivey,* 109 N. C., 67, cited by counsel for plaintiff, the
plaintiff, by showing that possession of the land in contro-
versy had been held for more than thirty years, availed him-
self of the presumption that a grant had issued from the

State. To do·this it was not necessary to show any connection between the successive occupants. See cases cited by *Shepherd, C. J.*, who says: "If the title was out of the State, the law would also presume that a deed had been executed by the true owner to the parties under whom the plaintiff claims, they having had continuous adverse possession of the same succeeding each other *as privies* for twenty years." The original possession being shown in Richard Dobbs Speight a continuous possession in those succeeding as his heirs at law was shown. The distinction between that case and the one before us is obvious. The same is true of *Alexander v. Gibbon*, 118 N. C., 796. The title was directly put in issue and the burden was upon the plaintiff to show title in himself. We are unable to say whether the jury were of opinion that the "Col. W. F. Martin line" was established and that disregarding the distance called for in the third call the plaintiff's deed and those to Gaskins and Cobb covered the disputed land or whether they were controlled by the contention that the plaintiff had acquired title by adverse possession upon the principle laid down by His Honor. For the reasons given, we are of the opinion that the charge in that respect was erroneous and for this the defendant is entitled to a

· New Trial.